# SUPREME COURT.

## ROBERT YOUNGHANSE agt. ADAM FINGAR.

The defendant appealed from a judgment of a justice of the peace, rendered against him for $95 damages and $5 costs, to the county court, and he in his notice of appeal stated that " the judgment should have been more favorable to him in this particular, to wit: That said judgment should not have been for more than $25. damages besides costs." The plaintiff did not serve any order to modify the judgment of the justice.

The plaintiff obtained a verdict in the county court for $49 damages. The county court held and ordered that the plaintiff should recover costs in such court. The defendant appealed to this court, from such order of the county court, and this court affirmed the order.

The defendant thereupon appealed from the last mentioned order, to the *court of appeals*: That court held *unanimously* (by a written opinion) that the order was erroneous, and that the defendant was entitled to costs in the county court; for the reason that the plaintiff did not serve an offer to modify the judgment of the justice. But *dismissed the appeal* on the ground that such order was *not appealable.*

On a motion thereafter by the defendant, at general term of this court, for a *re-argument* therein, whether the plaintiff or the defendant was entitled to costs, in the county court:

*Held*, that it would be disrespectful to the court of appeals to disregard the opinion of that court, on the ground that such opinion is not absolutely controlling, because that court dismissed the defendant's appeal there. It was undoubtedly delivered with a view of *putting at rest* the question as to which party should recover costs in the county court in cases like this, as the decisions of this court have been conflicting in different districts on the question:

*Held*, also, that in accordance with the opinion of the court of appeals, a re-argument of the question, be granted, and that the defendant is entitled to costs in the county court, and that the order of the county court allowing costs to the plaintiff, be *reversed*, and that the defendant have a judgment for costs in that court, &c.

*Fourth Department, Albany General Term.*
*Argued March 8, 1872.*
*Decided, Elmira General Term, May, 1872.*
*Before* MILLER, *P. J.,* POTTER *and* BALCOM, *JJ.*

THE plaintiff recovered a judgment before a justice of the peace for $95 damages and $5 costs. The defendant ap-

pealed from the judgment to the Columbia county court, and the following clause was in his notice of appeal, to wit: "The appellant claims the said judgment should have been more favorable to him in this particular, to wit: That said judgment should not have been for more than $25 damages, besides costs."

The plaintiff had a verdict in the county court for $49 damages; and that court held and ordered that the plaintiff should recover costs in such court. The defendant appealed to this court from the order of the county court, allowing the plaintiff to recover costs. This court affirmed such order, allowing the plaintiff to recover costs.

The defendant appealed from such order of this court to the court of appeals. That court held unanimously, that the order was erroneous, and that the defendant was entitled to costs in the county court; for the reason that the plaintiff did not serve any offer to modify the judgment of the justice of the peace. But the court of appeals dismissed the appeal on the ground that such order was not appealable, to wit; that no appeal from the order could be taken to the court of appeals.

The defendant now moves for a re-argument in this court of the question, whether the plaintiff or the defendant was entitled to costs in the county court.

R. E. ANDREWS, *for plaintiff.*
BEALE & BENTON, *for defendant.*

*By the court,* BALCOM, *J.*—The opinion of PECKHAM, *J.,* in the court of appeals, shows that all the judges of that court were of the opinion that the defendant and not the plaintiff was entitled to costs of the action in the county court. That opinion is in accordance with the decisions of this court in *Fox* agt. *Nellis,* (25 *How.,* 147) ; *Myers* agt. *White,* (37 *How.,* 393).; *Reed* agt. *Moore,* (31 *How.,* 264) ; *Loomis* agt. *Higbee,* (29 *How.,* 232).

Younghanse agt Fingar.

We would be disrespectful to the court of appeals if we should disregard the opinion of that court in this case, on the ground that such opinion is not absolutely controlling because that court dismissed the defendant's appeal there. It is true the opinion of that court, as to which of the parties should have recovered costs in the county court, was not necessary to the decision made, which was merely one dismissing the appeal. But it was, undoubtedly, delivered with the view of putting to rest the question as to which party should recover costs in the county court in cases like this. And I think, it was proper for the court of appeals to put forth the unanimous opinion of the judges in this case, on the question of costs in the county court; for the reason that the decisions of this court have been conflicting in different districts on the question. I hope my views, as to the propriety of the court of appeals unnecessarily expressing their opinion on a question in the case are the same they would be, if the opinion of that court had been adverse to the opinions heretofore delivered by me at general terms of this court in the sixth judicial district, instead of being in harmony with them.

It is true, that the question as to which party to this action should recover costs in the county court, arose since the section of the Code affecting the question was last amended; and that the court of appeals did not notice the fact in their opinion, that such section had been amended since nearly all of the decisions of this court on the aforesaid question were made. But the court of appeals decided such question as that section of the Code now is; and we should presume that the judges of that court were aware of all the amendments that had been made to that section.

The opinion of the court of appeals in the case is in full accord with my own judgment, and I think, we ought to be governed by it, although we might disregard it if we deemed it our duty so to do.

For these reasons, I am of opinion, that we should grant a

re-argument of the question in this case, as to which party was entitled to costs in the county court; and hold that the defendant was entitled to costs in that court; and reverse the order of that court, allowing costs to the plaintiff, and direct that the defendant have a judgment for costs in that court; and make an order that the plaintiff restore to the defendant all costs in that court the latter has paid to the former, with interest thereon.

POTTER, J., delivered an opinion in which he arrived at the same conclusion above stated by Justice BALCOM.

Re-argument ordered.

MULLIN, P. J., concurring.

NOTE.—It was undoubtedly a luck-shot to the defendant in this case, that the court of appeals were *unanimous* in their opinion allowing him costs. Had they been divided, say, about 4 to 3 on the question, we should probably never have heard of a motion for a re-argument in the supreme court on the subject. · For it is not likely the court of appeals would have written an opinion at all in that event, and if they had, it is not probable the defendant would have felt much confidence in founding his motion upon it. Because, confessedly, as the court of appeals had no jurisdiction to review the merits of the case, their opinion given, with a view of *putting the question at rest*, must have rested on the *moral power* of their *unanimous* opinion on the subject, which would have been weakened accordingly, if there had been a division of the court.

If the court of appeals intend to carry out the plan of reviewing the merits of every appeal in cases arising in justice's courts, which comes before them on a motion to dismiss the appeal, and thus settling the vexed questions which arise and trouble the supreme court, by what may be called a *moral corrective*, it will undoubtedly be necessary for them to be unanimous in their views in order to give full and proper weight to their opinions. The justices of the supreme and other inferior courts will unquestionably feel greatly relieved to have these matters settled by the court of·last resort. Besides, it can be so quietly and easily done by the latter court—there being no argument of counsel to bother them on the merits upon a motion to dismiss an appeal, they will the more likely come to an unanimous opinion. But they should provide some way of getting these opinions expeditiously before the profession and the judges of the inferior courts, and perhaps one mode of doing this would be, that it would be proper to interdict the directions given to their reporter that when he makes a copy of an opinion of that court, to leave off "but not for publication." This would, with the aid of the constitution, give liberty to other reporters to publish them much more frequent than they would appear in the regular series. REP.